## SAMUEL ADAMS, Administrator, *versus* ISAAC R. BUTTS.

In an action by an administrator to recover a debt due to his intestate, the defendant may file in set-off a demand for money paid by him to defray the funeral expenses of the deceased.

In such action the defendant cannot avail himself of such demand as a payment of his debt, but he must file it in set-off.

Where the plaintiff objected on the merits to an account filed in set-off, and the objection was not sustained, it was *held*, that he had not thereby waived his right to object that the account had not been filed in season.

INDEBITATUS assumpsit for work and labor performed by Nicholas Kirby, the plaintiff's intestate. Plea, the general issue.

At the trial at November term 1832, before *Wilde* J., it appeared that Kirby was a printer, and that he died at Boston on November 23, 1830 ; and the defendant offered to prove that he was in the defendant's employment at the time of his last sickness, that he was a stranger without relatives or near friends in this Commonwealth, and that for this reason, and because no other person had appeared to perform the duty of burying his body, the defendant had taken upon himself to administer upon his estate, in respect to his funeral. The funeral expenses defrayed by the defendant were offered in evidence as part-payment of the plaintiff's demand. The defendant had also filed in set-off an account of these expenses. But the judge refused to admit the evidence either as proof of payment or by way of set-off. A verdict was found for the plaintiff, and the defendant filed exceptions to the foregoing decision of the judge.

*Child*, in support of the exceptions, contended that the payment by the defendant, of the funeral expenses of the intestate, was lawful and commendable, that it did not constitute him an executor *de son tort*, and that the sum so paid (being reasonable in amount) should be allowed him in this action. *Stokes* v. *Porter*, Dyer, 166 *b* ; Vin. Abr. *Executor*, (*C. a.*) *pl.* 4, 18 ; 33 *Hen.* 6, 31, 5 ; 21 *Edw.* 4, 5, 12 , Fitzh. Abr. *Executors, pl.* 24 ; *Harrison* v. *Rowley*, 4 Ves 216 ; *Tug-*

*March* 15*th,*
1833.

*well* v. *Heyman*, 3 Campb. 298 ; 2 Bl. Comm. 508 ; *St.* 1784, *c.* 2, § 1, (Revised St. *c.* 68, § 1.)   As to set-off, he cited *M'Donald* v. *Webster*, 2 Mass. R. 499 ; *Jarvis* v *Rogers*, 15 Mass. R. 394, 407.

*S. D. Parker*, for the plaintiff.

*March 18th.*    *Per Curiam.*    The set-off was resisted at the trial, on the ground that the defendant could not have maintained an action against the administrator for moneys paid after the decease of the intestate.   But it was determined in the case of *Hapgood* v. *Houghton*, 10 Pick. 154, that an action against an executor for funeral expenses might be maintained ; though money so paid is not strictly a debt due from the deceased. This is decisive of the point in question.   The verdict is therefore set aside, in order that the defendant may avail himself on a new trial, of his account filed in set-off.

On the trial at November term 1833, before *Shaw* C. J., the admission of any evidence to support the set-off was objected to, on the ground that the account in set-off was not filed in season.   It appeared that it was not filed seven days before the sitting of the Court of Common Pleas, having been filed on Wednesday, and the sitting having commenced on the following Tuesday.   Nothing appeared on the record to show whether the filing of the account had been assented to or objected to, or acted upon in that Court.   Upon this objection it was ruled by the chief justice, that as the account came up without objection among the office copies ; as it was competent for the plaintiff to waive the objection and assent to the filing of the account ; as it appeared by the records of this Court, that the plaintiff had formerly taken exception to the merits of the claim made in this account, without exception as to the time within which it was originally filed ; — such objection, being one of form, must be deemed to be waived, and evidence to support the account was admitted. A verdict was returned for a small balance in favor of the defendant.

*March 13th,*     *Curtis* and *Child*, to show that the objection was waived
*1834.*        cited *Sargent* v. *Southgate*, 5 Pick. 319 ; *Livermore* v. *Bos well*, 4 Mass. R. 438 ; *Gage* v. *Graffam*, 11 Mass. R. 183

*Per Curiam.* We think there was no waiver in the Court of Common Pleas, as no trial was had in that court. The first time that the plaintiff could object to the account was when it was offered at the trial ; as in the case of a deposition. When the trial came on it was objected to on the ground that the charges were not the subject of set-off as against the administrator, and the objection was sustained by the presiding judge, but the whole Court overruled the decision. On the new trial the objection was first made, that the account had not been seasonably filed. And we are of opinion that this objection was not waived by the plaintiff. He had several objections to the account, and he had a right to make them in such order as he pleased. The defendant has compared the proceeding to the case of pleading, but it is more like a matter of evidence. The account therefore must be rejected, and the plaintiff is entitled to a new trial.

On the third trial, before *Wilde* J., the defendant claimed a right to retain the sum of $39·12, alleged to have been paid by him for the funeral expenses ; and he offered proof that Kirby was a stranger, that he died at a boarding-house, and that his burial was performed in a suitable manner under the direction of one M'Nair, a friend of the deceased and a journeyman in the defendant's printing-office ; that M'Nair superintended the funeral and paid the expenses at the defendant's request, and the defendant repaid him. Afterwards the defendant caused an action to be brought for his own benefit in the name of the undertaker for the same funeral expenses, against Adams as administrator, which action was still pending. The plaintiff objected to the defendant's proving these funeral expenses, no set-off being filed, but the evidence was admitted and the jury allowed the defendant's claim. If the evidence was lawfully admitted, and the jury had a right to deduct the amount of the funeral expenses, the verdict was to stand ; otherwise the defendant was to be defaulted and judgment to be rendered for the plaintiff for $34·09, and interest and costs.

*Parker*, cited to the point, that the defendant ought to have filed his account in set-off, *M'Donald* v. *Webster*, 2 Mass. R.

*Adams*
*v.*
*Butts.*

*June 19th*

*March 14th*
*1835.*

Adams
v.
Butts.

499 ; *Jarvis* v. *Rogers*, 15 Mass. R. 398, 415 ; *Hallouell and Augusta Bank* v. *Howard*, 13 Mass. R. 235.

*Curtis* and *Child*, insisted that the defendant might avail himself of his demand, as a payment of the debt in suit, without filing it in set-off ; and that under the circumstances, according to the authorities, any individual might have applied the chattels of the deceased to defray the expenses of his funeral, and the circumstance of there being an account instead of chattels, could make no difference. Bull. N. P. 48 (cites Carth. 104, — 3 Mod. 276, — 1 Salk. 295, — Skin 274 ) ; *Stokes* v. *Porter*, Dyer, 166 *b*, note ; *Rogers* v. *Price*, 3 Younge & Jerv. 28 ; Williams on Executors, (Amer. edit.) 139, 140, 636, 651 ; *Tugwell* v. *Heyman*, 3 Campb. 298, and note.

*March 23d*

*Per Curiam.* The conduct of the defendant in procuring the deceased to be suitably buried was legal and commendable, and he has without doubt a good cause of action against the administrator. *Hapgood* v. *Houghton*, 10 Pick. 154 ; *Tugwell* v. *Heyman*, 3 Campb. 298 ; *Rogers* v. *Price*, 3 Younge & Jervis, 28. It was contended that the disbursements by the defendant, constituted a payment of the plaintiff's demand. But a payment is in the nature of a contract *so far as to require two parties ; and one cannot be both payer and payee.* We think the defendant cannot prevail on this ground of defence.

The defendant further contends, that he might avail himself of assets of the deceased for the purpose of burying him, and that this did not make the defendant an executor *de son tort ;* that it was a proper administration of the estate, and an administrator subsequently appointed could not maintain trespass or trover against him for the property so applied. The English cases go no further than this, that where effects of the deceased are thus applied by a stranger, and trover or trespass is brought against him, he may show such application in defence ; he may " recoupe in the damages ;" and it will be an absolute bar, on the ground that he was not executor *de son tort*, but was doing a lawful and necessary act. But they do not go so far as to say, that if the effects remain specifically in his hands, the administrator shall not recover them, for it

would seem fit that the administrator should have the disposition of the property ; neither do they say that a stranger is allowed to collect debts due to the deceased and reimburse himself for the funeral .expenses. He is not to settle his own claim. The defendant's expenses would be a proper subject of set-off, and if he cannot avail himself of them, it is owing to his own neglect in not filing his account in due season. He may bring his action against the administrator, and then the question may properly come up, which was raised in the argument, of the priority of funeral expenses over all other debts.

*Defendant defaulted.*